BOWLING, Justice,
for the Court.
The decision of the youth court judge and the record on appeal to this Court are before us in this cause. The minor appellant was charged with the sale of marijuana and after a full hearing, the youth court judge decreed appellant to be a delinquent child and sentenced the minor to serve a term in the Columbia Training School. At the time of the alleged crime, appellant was 17 years and 8 months of age. Even though appellant almost was an adult under the Youth Court Act and charged with a felony, the youth court was of the opinion that appellant’s interests would be best served if that court retained jurisdiction rather than transferring the case to the criminal court.
Appellant assigns three errors in the appeal. They are:
I. THE LOWER COURT FOUND THE MINOR DELINQUENT ALTHOUGH THE BURDEN OF PROOF WAS NOT MET AS TO ALL OF THE ELEMENTS OF THE OFFENSE CHARGED.
II. THE DECISION OF THE COURT IN THE DISPOSITION HEARING WAS BASED UPON THE NATURE OF THE OFFENSE WITH NO REGARD FOR THE BEST INTEREST OF THE CHILD.
III. THE CASE SHOULD BE REVERSED AND THE APPELLANT DISMISSED BECAUSE THE RECORD ON APPEAL DISCLOSES THE NAME OF THE MINOR CHILD.
We shall first consider the assignment of error number three regarding the makeup of the record in this Court on appeal from a youth court. Section 43-21-651, Mississippi Code 1972 Annotated, (Supp.1980), of the Youth Court Act, provides that on appeal to this Court from a youth court, “Only the initials of the child shall appear on the record on appeal.” The record in the present case shows the appellant’s full name throughout. It is obvious that the youth court, the youth court prosecutor, the court reporter and the clerk completely disregarded the above code mandate. The reason for that mandate is obvious and needs no discussion here.
We do not intend to appear critical in this discussion; however, we are publishing this opinion and discussing this error for the future guidance of all youth courts. When a statutory appeal is taken from a youth court, the statute is mandatory that nowhere on the records of this Court or the appellate records or briefs or other proceedings should the minor’s name appear, only his or her initials. After a hearing, sentence, and notice of appeal, all of the above set out entities are charged with the duty of seeing that the minor’s name is deleted from any page or cover of the appellate record or proceedings. We realize that in the youth court the name of the alleged delinquent child appears on its records. After the appeal, the name [leaving only the initials] should be blotted from all documents that are forwarded to the clerk of this Court or any justice thereof. Modern typing and its equipment and accessories are fully equipped to make these deletions.
We do not find that the failure to submit the appellate record showing only initials in the present case is reversible error. All records staying in this Court shall be changed to conform to the statute. We cannot hold that the failure to perform the mechanics of the appeal as set out above was prejudicial to appellee in this appeal. No prejudice has been pointed out to the Court.
We have considered fully assignments of error Numbers 1 and 2 and find that they have no merit. There was an abundance of evidence justifying the charge that appellant was guilty of the crime of selling marijuana. Although the minor was almost 18 years of age at the time, the youth court was most considerate *909 and showed a compassion to help rehabilitate the minor in every way possible by its failure to transfer the charge to the criminal court. This easily could have been done. Rather than being critical of the youth court, appellant should be grateful. The flagrant sale of marijuana and other drugs needs to be curbed whether the person is 17 years and 8 months old or younger or older.
The question then arises as to the disposition required to be made under this opinion. Section 43-21-151, Mississippi Code 1972 Annotated (Supp.1980), [Youth Court Act], setting out the jurisdiction of the Youth Court provides:
(2) Jurisdiction of the child in the cause shall attach at the time of the offense and shall continue thereafter for that offense until the child’s twentieth birthday, unless sooner terminated by order of the youth court ....
The appellant has not reached the twentieth birthday. We are, therefore, required to remand the cause to the youth court for further consideration and adjudication considering the facts and circumstances existing at the time of the hearing, and the opinion of the youth court as to what, if any, further actions should be taken.
AFFIRMED AND REMANDED TO THE YOUTH COURT.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, LEE and HAWKINS, JJ., concur.